978 F.2d 714
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Plaintiff-Appellant,
v.
FIRST WESTERN BANK; Robert Prevost, Defendants-Appellees.
 No. 91-56108.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 6, 1992.
Decided Oct. 30, 1992.
 
 1
 Before O'SCANNLAIN and RYMER, Circuit Judges, and ZILLY,* District Judge
 
 
 2
 MEMORANDUM**
 
 
 3
 Fidelity & Deposit appeals the summary judgment on its action for declaratory relief. The district court held that Fidelity waived the right to contest whether its policy covered liability of its insured, First Western Bank, for libel with actual malice of Robert Provost, a former employee. We have jurisdiction under 28 U.S.C. § 1332, and affirm.
 
 
 4
 * Prevost sued First Western on March 12, 1985 for libel on its face and other claims and sought general, specific and punitive damages. His first amended complaint, which was the version first submitted to Fidelity, alleged that First Western's actions were "intentional and malicious." On May 23, 1985, Fidelity acknowledged in a letter to First Western that under the policy it had a duty to defend and indemnify claims arising out of the libel cause of action, but not the other causes of action or recovery sought for punitive damages.
 
 
 5
 In 1987, summary judgment was granted on the libel claim on the ground that First Western's communication was absolutely privileged. In August, 1987, however, the California Court of Appeal reversed, holding that the defense of absolute privilege did not apply to First Western. Instead, the court held that First Western would have to rely on qualified privilege under Cal.Civil Code § 47(3). Prevost v. First Western Bank, 239 Cal.Rptr. 161, 166 (Cal.App. 4 Dist.1987). Such a defense applies to communications made "without malice." Cal.Civil Code § 47(3) (1992). After this decision, First Western's attorney sent two letters to Fidelity & Deposit's claims manager indicating that Prevost would have to amend his complaint to allege malice.
 
 
 6
 On January 16, 1989, First Western filed a first amended answer raising the defense of qualified privilege. On March 2, 1990, Prevost amended his complaint to aver that First Western's libel was malicious and not privileged. Fidelity & Deposit then notified First Western's attorney that it would be precluded from indemnifying an insured against liability for its own willful acts under California Ins.Code § 533. Trial resulted in an award of compensatory and punitive damages to Prevost.
 
 II
 
 7
 After the district court decision granting summary judgment in this action, the California Court of Appeal reversed the underlying judgment awarding punitive damages to Prevost. We must therefore first consider whether this action for declaratory relief remains a justiciable case or controversy.
 
 
 8
 Under the Declaratory Judgment Act, 28 U.S.C. § 2201 (1992), a case or controversy exists if "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Maryland Casualty Co. v. Pacific Oil & Coal Co., 312 U.S. 270, 273 (1941). If these circumstances exist, a court may adjudicate the rights of the litigants even though it may not result in the award of process or payment of damages. Eureka Federal Sav. & Loan Assoc. v. American Casualty Co., 873 F.2d 229, 231 (9th Cir.1989). Thus, "declaratory relief is appropriate (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Id.
 
 
 9
 We are satisfied that resolution of the waiver issue is unaffected by reversal of the underlying judgment. The parties still vigorously dispute the effect of Fidelity's initial acknowledgment of coverage and subsequent attempt to withdraw it; settlement and trial strategy are at stake, as well as the parties' respective interests in the policy. See id. at 231-32 (finding case or controversy in declaratory action to determine policy limits on insurance policy). Thus, there is a genuine controversy whose resolution will be facilitated by a prompt judgment in this case.
 
 
 10
 Nor does reversal of the underlying judgment render this appeal moot. An action is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979). Since reversal of the judgment for Prevost does not affect the claim that Fidelity & Deposit waived its rights to contest coverage, that issue is still "live." Because the rights of each party in the policy will be affected by the outcome of this case, the appeal is not moot.
 
 III
 
 11
 Fidelity & Deposit argues that it acted promptly to reserve rights once Prevost amended his complaint to allege actual malice. Prevost and First Western, on the other hand, contend that Fidelity knew from day one (as well as thereafter, when it learned from First Western's attorneys that Prevost would amend to allege actual malice) that malicious and intentional libel was at issue. They contend that Fidelity thereby waived its rights to contest coverage as to those acts by acknowledging coverage without a reservation of rights as to actual malice.
 
 
 12
 Under California law, a liability insurer who, "with knowledge of a ground of forfeiture or noncoverage under the policy, assumes and conducts the defense of an action brought against the insured, without disclaiming liability and giving notice of its reservation of rights, ... is ... precluded in an action upon the policy from setting up such ground of forfeiture or noncoverage." Insurance Co. of the West v. Haralambos Beverage Co., 241 Cal.Rptr. 427, 432 (Cal.App. 2 Dist.1987). "The insurer's unconditional defense of an action brought against its insured constitutes a waiver of the terms of the policy and an estoppel of the insurer to assert such grounds." Id.; Miller v. Elite, 161 Cal.Rptr. 322, 331 (Cal.App. 1 Dist.1980).
 
 
 13
 When Fidelity received the first amended complaint alleging malicious and intentional libel, it explicitly acknowledged coverage, reserving rights only with respect to other causes of action and punitive damages. It did not change this position when the California appellate court rejected First Western's reliance on the defense of absolute privilege, or when First Western's attorneys advised that Prevost would have to plead actual malice. Under these circumstances, we agree with the district court that Fidelity's direct acknowledgment of coverage for the libel action precludes it from contesting coverage it could have, but did not, except.
 
 
 14
 Fidelity argues that First Western must show misconduct by the insurer and detrimental reliance by the insured. See, e.g., Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1561 (9th Cir.1991) (interpreting California law to require prejudice, detrimental reliance, or sandbagging before insurer will be found to have waived rights to contest coverage by not raising a particular exclusion in denial of coverage letter); Val's Painting & Drywall, Inc. v. Allstate Insurance Co., 126 Cal.Rptr. 267, 273 (Cal.App. 2 Dist.1976); see also J.C. Penney Casualty Ins. Co. v. M.K., 278 Cal.Rptr. 64, 67 (Cal.1991) (cites standard as applicable to situations in which the insurer has reserved rights and insured challenges reservation of rights), cert. denied, 112 S.Ct. 280 (1991).
 
 
 15
 It is unnecessary for us to resolve this question, because even if misleading conduct or detrimental reliance are required, the record here shows that First Western maintained its coverage position in the face of Prevost's first amended complaint and after the court of appeal had made it inevitable that actual malice would be at issue. Having acknowledged coverage arising out of the libel cause of action and having excepted punitive damages but without excepting liability for libel with actual malice, Fidelity let First Western raise its defense of qualified privilege without warning that its coverage would be jeopardized.
 
 
 16
 Fidelity finally argues that § 533 cannot be waived for reasons of public policy. However, in Tomerlin v. Canadian Indem. Co., 39 Cal.Rptr. 731 (Cal.1964), the California Supreme Court rejected a similar argument. In Tomerlin, the insured sought coverage for a lawsuit for assault and battery, claiming that previous statements by a representative of the insurer promising coverage estopped it from contesting coverage. The court found that no dictate of public policy inherent in § 533 precludes an insurer from being estopped to assert no coverage for a liability founded upon a willful wrong, after the wrong has occurred. Id. at 737-38. Likewise here, that First Western may be covered for the Prevost action because of Fidelity's failure to reserve its rights comes about because of that failure, not because of the policy. Accordingly, coverage due to waiver does not implicate public policy concerned with inducing willful wrongs.
 
 IV
 
 17
 Fidelity argues that § 533 is a part of all policies of insurance as a matter of law, Studley v. Benecia Unified School District, 281 Cal.Rptr. 631, 633 (Cal.App. 1 Dist.1991), and there can be no coverage under the policy for acts, such as First Western's libel of Prevost, which are inherently harmful and intentional. See J.C. Penney. There is no basis for determining that First Western acted with the requisite level of intent. The issue is, in any event, immaterial in light of our conclusion that Fidelity's unconditional acknowledgment of coverage, in light of its knowledge that malice may be at issue, forecloses the attempt it later made to assert that no coverage existed.
 
 
 18
 AFFIRMED.
 
 
 
 *
 Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of htis circuit except as provided by 9th Cir.R. 36-3